IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LEIGH SOSEBEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:11-CV-2423-N |
| | § | |
| TEXAS ALCOHOLIC BEVERAGE | § | |
| COMMISSION, | § | |
| Defendant. | § | |

**ORDER**

This Order addresses Defendant Texas Alcoholic Beverages Comission's ("TABC") motion for summary judgment [14]. Because Plaintiff Leigh Sosebee failed to exhaust her sexual harassment claims and failed to contradict the TABC's nondiscriminatory, nonretaliatory reasons for action, and because the TABC is otherwise immune from suit, the Court grants the TABC's motion.

**I. SOSBEE'S EMPLOYMENT DISPUTE**

Leigh Sosebee is an employee of the Texas Alcoholic Beverages Commission ("TABC"), an agency of the State of Texas, where she has worked since September 2007. Sosebee's work environment has, at times, been hostile. In 2009, Sosebee complained of sexually harassing behavior by her supervising sergeant and other agents in the TABC's Dallas office, where she was then stationed. The TABC took these complaints seriously, and as a result of the subsequent investigation, fired her supervising sergeant, as well as three other agents. The TABC later changed the agents' terminations to resignations as a result

of internal administrative procedures, but the agents never returned to work at the TABC.

As a result of this work environment, Sosbee requested a transfer. The TABC granted her request and moved her to the Fort Worth district. The TABC assigned her to work with a "Field Training Officer," Jack Miller, in Cleburne, and, after a few months, assigned her to the Arlington office to make more staff available for the February 2011 Super Bowl. During this time, the TABC assigned Sosebee as a "day agent," answering the "enforcement line" and answering questions or addressing complaints that would arrive throughout the course of the day. After a period of time in Arlington, Sosebee requested a transfer back to the Cleburne office, wishing to reunite with Miller. Her supervisors granted her request, allowing Sosebee to return to Cleburne, but only by displacing Miller. Because Sosebee's entire reason for returning to Cleburne was to work with Miller, she declined.

The TABC also suspended Sosebee for two days without pay, a punishment arising out of a vehicle accident that Sosebee caused by texting behind the wheel. It was her third of four collisions occurring throughout the course of her employment, and occurred shortly after one of her supervisors, Lieutenant Anderson, had specifically instructed her to refrain from texting while driving. The TABC's suspension was initially five days, but the TABC reduced the suspension after Sosebee filed an internal grievance.

On June 21, 2011, Sosbee filed a charge with the Equal Opportunity Employment Commission ("EEOC"), complaining (1) that she was suspended for two days, (2) that she was placed on "desk duty," and (3) that she did not receive any assignments arising out of Super Bowl XLV in Arlington. On her charge, Sosbee checked the boxes "sex" and

"retaliation." She also summed up her complaint, writing "I have been discriminated against because of my sex, female and retaliated against for complaining of discrimination in violation of Title VII section 704(a) of the Civil Rights Act of 1964 as amended." The EEOC issued Sosbee a right-to-sue letter the same day, and Sosbee filed her original complaint shortly thereafter. Her complaint asserts claims of sexual harassment, gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) *et seq.*, and section 21.051 of the Texas Labor Code. She also brings claims of negligent hiring, supervision, or retention, and an Equal Protection claim under 42 U.S.C. § 1983. The TABC now moves for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Courts, however, need not sift through the record in search of triable issues. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden shifts to the nonmovant to

establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, courts resolve factual controversies in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE TABC IS ENTITLED TO SUMMARY JUDGMENT ON SOSEBEE'S TITLE VII CLAIMS

Sosebee brings claims pursuant to Title VII and section 21.055 of the Texas Labor Code. Because the Texas Labor Code is construed identically to Title VII, the Court's Title VII analysis applies equally to Sosebee's Texas claims. *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 n.2 (5th Cir.1 999) ("[T]he law governing claims under the TCHRA and Title VII is identical.") The Court grants summary judgment on each of Sosebee's Title VII claims.

#### A. SOSEBEE'S SEXUAL HARASSMENT CLAIMS ARE NOT "LIKE OR RELATED TO" SOSEBEE'S EEOC CHARGE

To bring suit under Title VII, a plaintiff must exhaust his or her administrative remedies by filing a charge with the EEOC. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006). After filing that charge, a plaintiff's complaint may include only those claims within

the scope of the EEOC charge or that could reasonably have been expected to grow out of the charge. In other words, the plaintiff is constrained to claims that are "like or related to" the allegations contained in the charge. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970). To determine whether a plaintiff has exhausted his or her administrative remedies as to any particular claim, two competing principles are relevant: (1) the Court must construe the charge liberally because charges are usually prepared by laymen, *Price v. Sw. Bell Tel. Co.*, 687 F.2d 74, 78 (5th Cir. 1982); and (2) the charge must contain an adequate factual basis to put the employer on notice of the nature of the charges, allowing the EEOC an "opportunity to attempt to obtain voluntary compliance." *Sanchez*, 431 F.2d at 467.

The TABC argues that Sosebee failed to exhaust her administrative remedies regarding her sexual harassment claims because these claims are not "like or related to" the allegations in the charge. The Court agrees. In her charge, Sosebee pointed to three incidents of "personal harm": (1) since November 2010 she was placed on "desk duty"; (2) in February 2011, she did not receive any Super Bowl assignments; and (3) on April 15, 2011, she was suspended without pay, and took her suspension on May 5 and 6, 2011. She stated her belief that these three incidents of personal harm occurred because of gender discrimination and retaliation for complaining of discrimination.

But these incidents of "personal harm" are factual bases for a discrimination claim, not a harassment claim. Sex-based discrimination and sexual harassment are "distinct" claims; exhaustion of a sex-based discrimination claim does not exhaust a harassment claim. *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 n.4 (5th Cir. 1994); *see also Lacy v. Dallas*

ORDER – PAGE 5

*Cowboys Football Club*, No. 11-CV-0300, 2012 WL 2795979, at *4 (N.D. Tex. July 10, 2012) (holding that sex-based disparate treatment charge did not exhaust a sexual harassment claim); *Cargo v. Kan. City Southern*, No. 05-2010, 2009 WL 3010842, at *3 (W.D. La. Sept. 16, 2009) (holding no exhaustion of plaintiff's harassment claim by alleging discriminatory events).

The charge's discrimination allegations also involve different actors and different actions than Sosebee's harassment complaint. *See Peter v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2002) ("[T]he EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." (quoting *Harper v. Godfrey Co.*, 45 F.3d 143, 147-48 (7th Cir. 1995)) (emphasis in original). Sosebee's alleged sexual harassment complaints regarded four employees—Sergeant Chris Hamilton and agents Todd Mauthe, Claudio Ramirez, and Victor Bulos—all of whom are no longer employed with the TABC. The complained-of "personal harms" in Sosebee's charge, however, were caused either by Anderson or Assistant Chief Venner. And the EEOC charge allegations describe TABC decisions regarding the course of Sosebee's employment, a far cry from anything that could be construed as sexual harassment.

Further, the undisputed evidence makes clear that Sosebee complained within the agency and that the agency took remedial action regarding Sosebee's original complaints. *Cf. Hockman v. Westward Communc'ns, LLC*, 407 F.3d 317, 329 (5th Cir. 2004) (holding that, due to agency's own remedial actions, agency was not liable for behavior occurring prior to agency's remedial action). Thus, the Court finds that Sosebee's harassment claims

are not like or related to the claims in Sosebee's EEOC charge and are not exhausted.[1] Accordingly, the Court grants summary judgment on those claims.

### B. SOSEBEE FAILS TO CONTRADICT THE TABC'S NONDSICRIMINATORY, NONRETALIATORY EXPLANATIONS

Under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), Sosbee bears the initial burden of establishing prima facie cases of sex discrimination and retaliation. Once accomplished, the burden to produce – but not persuade – shifts to the TABC, which must provide a nondiscriminatory, nonretaliatory explanation for its actions. The burden then shifts back to Sosbee to raise a fact issue regarding whether the TABC's stated reasons for dismissal are pretextual. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (citing *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502 (1993) and *Texas Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981)).

In the Title VII context, the Fifth Circuit uses a "modified *McDonnell Douglas* approach," which recognizes a "mixed-motive" alternative to the pretext-based last step. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004), *invalidated in part by Gross*, 129 S. Ct. 2343 (precluding mixed-motive analysis in ADEA cases). This modified approach provides that "[i]f a plaintiff demonstrates that [a Title VII protected characteristic] was a motivating factor in the employment decision, it then falls to the defendant to prove

---

[1]Moreover, Sosebee's complaint does not allege that the sexual harassment was a continuing action. For an allegation of noncontinuous discrimination, Title VII requires a plaintiff to file his or her charge within 300 days of the allegedly discriminatory act. 42 U.S.C. § 2000e-5(e)(1). Given this, any conduct occurring prior to August 25, 2010 (the conduct making up the bulk of her harassment allegations) is time-barred.

'that the same adverse employment decision would have been made regardless of the discriminatory animus.'" *Id.* (quoting *Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1216-17 & n.11 (5th Cir. 1995)). Thus, a Title VII plaintiff may use two methods to establish the existence of a genuine issue of material fact after a defendant has provided a nondiscriminatory reason for the adverse employment action: "either (1) that the defendant's reason *is not true*, but is instead a pretext for discrimination (pretext alternative); or (2) that the defendant's reason, *while true*, is only one of the reasons for its conduct and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Id.* (quoting *Rishel v. Nationwide Mut. Ins. Co.*, 297 F. Supp. 2d 854, 865 (M.D.N.C. 2003)) (emphasis added).

Regardless of whether Sosebee has succeeded in showing a prima facie case, the TABC has produced nonretaliatory reasons for each of its allegedly retaliatory actions. The TABC points to these reasons through Sosebee's own testimony. For example, Sosebee admits that, although she was assigned to desk duty, other agents had the same or similar desk duties, other agents would have needed to work at the desk if she did not, and that currently she is "basically doing what [she] want[s] to do as a field officer." Deposition of Leigh Sosebee, Def. Mot. for Summ. J., Exh. A, 104-108 ("Sosebee Depo."). Sosebee also admits that there was icy weather around the Super Bowl, that other TABC employees were asked to stay home, and that the weather changed the TABC's Super Bowl staffing needs. Sosebee Depo. at 70-72; *see also* Aff. of Denver Carleton, Def. Mot. for Summ. J., Exh. E, ¶7. And finally, Sosebee admits that her two-day suspension was a fair and acceptable

punishment for texting while driving in a State vehicle. Sosebee Depo. at 146. Sosebee thus does not even attempt to show the TABC's nonretaliatory reasons for the desk duty assignment or the failure to work the Super Bowl were pretextual.

Sosebee's two arguments regarding the allegedly pretextual nature of her two-day suspension fail to raise a fact issue regarding the nonretaliatory and nondiscriminatory nature of the suspension. Sosebee first argues that her two-day suspension was selectively applied. She states that many other agents are guilty of texting behind the wheel, but that she was the only agent disciplined. Sosebee Depo. at 162. But this does not meet the burden to raise a fact issue about the TABC's legitimate reasons for suspending Sosebee. For one, Sosebee does not allege that these agents were caught texting while driving, and thus, Sosebee's testimony does not call the TABC's rule enforcement into question. More importantly, however, Sosebee was not suspended just for texting. It was also her third vehicle collision in the span of three years on the job.[2] Def. Mot. Summ. J., Ex. A, Attachs. 6, 10, 14; Def.

---

[2]Sosebee also alleges that she was too small to fit properly in the vehicle the TABC provided for her. Sosebee Depo. at 160-62. In her summary judgment response, she claims that she complained about the size of the vehicle early on in her employment, but the TABC did not replace her vehicle until relatively recently. Pl.'s Resp. Mot. Summ. J. 13-14. Since that time, she has not had any accidents. *Id.* at 14. While the Court recognizes that the size of the vehicle may have been an aggravating factor in Sosebee's checkered driving history with the TABC, this fact does not rebut the TABC's nondiscriminatory reason for her two-day suspension. For one, it is not entirely clear whether anyone in the TABC's Fort Worth branch knew that the TABC's standard car causes Sosebee difficulties. In her deposition, Sosebee notes that, while still in the Dallas division (where she first made complaint about the size of the car), she was given a better-fitting car, but had to return it when she transferred to Fort Worth. Sosebee Depo. 161-62. She does not state that she told anyone at the Fort Worth division that her car was too big. Simply because there may be a reason why Sosebee should not have been suspended — the accidents were caused by something beyond her control — does not rebut the TABC's reason that she be suspended for violating a directive

Mot. Summ. J, Ex. D Attach. 2. Further, Sosebee agrees that a two-day suspension was reasonable, given her history. Sosebee Depo. at 146. Her real complaint was with the initial five-day suspension, a suspension that the TABC subsequently reduced pursuant to internal administrative procedures.

Second, Sosebee attempts to rebut the TABC's proffered legitimate, nondiscriminatory reason by apparently arguing that she was unreasonably promoted. Rather than a suspension, Sosebee claims she should have been demoted or reassigned somewhere not involving driving assignments. Because the TABC promoted her, rather than demoting her or reassigning her, Sosebee claims that the suspension must have been pretextual and unrelated to the accidents. But Sosebee's ordinary step promotions show nothing regarding the TABC's motives for her two-day suspension. If anything, in granting Sosebee's ordinary step promotion, the TABC is indicating that the two-day suspension was enough discipline for Sosebee's actions, not an admission that the suspension was because of her gender or her complaints.

Sosebee also alleges an instance of post-charge retaliation. Def. Resp. to Pl.'s Mot. for Summ. J. 12. This Court has ancillary jurisdiction to hear post-charge retaliation claims when the retaliation claim grows out of an earlier charge properly exhausted. *Gupta v. East Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981). Sosbee alleges that the TABC sought to reassign her to the Cleburne office, alone, in retaliation for her EEOC charge and the current suit. Pl.'s Resp. Mot. Summ. J. 12. But there, too, the TABC has produced a

---

not to text while driving.

legitimate, nonretaliatory reason for the action: she requested the move. Sosebee Depo. 80; *see also* Def. Mot. Summ. J., Ex. D, Aff. of David Anderson ¶9. Sosebee alleges that she was being "set up for failure" but does not offer any evidence to rebut the TABC's assertions. And, in any event, she declined the move. Sosebee Depo. 80-81. Allowing an employee to move offices if she so desires is not an actionable "adverse employment action." *City of Shreveport*, 492 F.3d at 557 (noting that employee may not prove Title VII case without showing adverse employment action).

### IV. SOVEREIGN IMMUNITY BARS SOSEBEE'S REMAINING CLAIMS

Sosebee also brought an Equal Protection claim under 42 U.S.C. § 1983 and a negligent supervision claim. But the TABC is an agency of the State of Texas. TEX. ALCOH. BEV. CODE § 5.01(a) ("The [TABC] is an agency of the state."). The Eleventh Amendment provides that, absent a waiver, states, and state agencies, are immune from suit in federal court. *Briggs v. Mississippi*, 331 F.3d 499, 502-03 (5th Cir. 2003). Sosbee has pointed to no such waiver of immunity for her neligent supervision claim. And moreover, although section 1983 may be used to obtain relief against *officers* acting under color of state law, Sosebee has sued the agency itself, not any of the agency's officers. Section 1983 does not override the Eleventh Amendment and a state agency retains its immunity from suit. *Id.* at 503. Thus, Sosebee's remaining claims are barred by the TABC's immunity from suit.

### CONCLUSION

Sosebee's sexual harassment claims are not exhausted, the TABC has produced nonretaliatory, nondiscriminatory reasons for its employment decisions that Sosebee failed

to contract, and the TABC is otherwise immune from suit. Accordingly, the Court grants the TABC's motion for summary judgment and dismisses Sosebee's claims with prejudice.

Signed October 16, 2012.

_____
David C. Godbey
United States District Judge